UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WALTER DE JESUS GONZALEZ QUINTERO,

Petitioner,

v. Case No. 3:26-cv-3112-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Walter De Jesus Gonzalez Quintero, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on November 9, 2026. See generally Petition. Gonzalez Quintero, a citizen of Venezuela, was temporarily detained at the border and paroled into the United States on January 7, 2024. Id. at 9, 11. On October 18, 2026, United States Immigration and Customs Enforcement (ICE) re-detained him. Id. at 4. As relief, Gonzalez Quintero requests, inter alia, immediate release or, alternatively, a bond hearing. Id. at 7.

Gonzalez Quintero argues that his continued detention violates the Immigration and Nationality Act. Id. at 6. The Eleventh Circuit Court of

Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Gonzalez Quintero, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Gonzalez Quintero was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Gonzalez Quintero's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Gonzalez Quintero an individualized bond hearing consistent with 8

[1] Because the Court finds that Gonzalez Quintero is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

U.S.C. § 1226(a) or release him.[2] If Respondents release Gonzalez Quintero, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss Warden as an Improper Party to Petition for Writ of Habeas Corpus (Doc. 5) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of November, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record
Walter De Jesus Gonzalez Quintero

[2] Gonzalez Quintero is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).